UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-14065-CANNON/MAYNARD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JUNEEM JERMAIN BARNES,

     Defendant.

                                     /

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1.     I convened a hearing to permit the Defendant to change his plea in this criminal case on March 11, 2026.[1]

2.     At the hearing's outset, I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised the Defendant that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised the Defendant that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request

---

[1] I previously held a hearing to permit the Defendant to change his plea on February 3, 2026. DE 26. Following that hearing, I recommended the Court accept the Defendant's plea of guilty regarding a prior Indictment. DE 31. However, after the Court and the parties discovered inconsistencies in the Indictment and the plea documents, the presiding U.S. District Judge re-referred the matter to me for a supplemental hearing and report and recommendation. DE 34. The Defendant withdrew his original plea before the supplemental plea hearing.

a United States District Judge to conduct the Change of Plea Hearing instead.  The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3.      I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4.      There is a written Plea Agreement which has been entered into by the parties in this case.  DE 45.  I reviewed the Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement.  The Defendant indicated to me that he fully understands the Plea Agreement.

5.      The Defendant pleaded guilty to Counts One, Two, and Three of the Superseding Information.  Count One charges the Defendant with attempted possession with intent to distribute 400 grams or more of a mixture or substance containing fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), 846, and 841(b)(1)(A)(vi).  DE 40 at 1.  Count Two charges the Defendant with possession with intent to distribute (1) 40 grams or more of a mixture or substance containing fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi), and  (2) less than 50 kilograms of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).  *Id.* at 2.  Count Three charges the Defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).  *Id.*

6.      The mandatory minimum and maximum statutory penalties were announced on the record.  The Defendant acknowledged his understanding of the mandatory minimum and maximum statutory penalties that could be imposed against him in this case.

7.     The Plea Agreement contains provisions regarding forfeiture.  The Defendant agrees to forfeit to the United States any right, title, and interest to any property constituting or derived from proceeds the Defendant obtained, directly or indirectly, as a result of the offenses to which he pled guilty, and any property used or intended to be used in the commission of the offenses.

8.     The parties submitted a written Acknowledgment of Offense Elements and Stipulation as to Factual Basis for Guilty Plea, ("Stipulation") which was signed by counsel for the Government, counsel for the Defendant, and the Defendant.  DE 46.  The Defendant acknowledged that he signed the Stipulation, understands it, and has had an opportunity to fully discuss it with his attorney.  The Defendant agreed that the Stipulation is true and correct and accurately sets forth the facts in his case as he understands them to be.  I find that the Stipulation sets forth each of the essential elements of the crimes to which the Defendant is pleading guilty. Defense counsel agreed that the Stipulation need not be read into the record since the original has been signed by all parties, including the Defendant, and will be filed with the Court.

9.     Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his guilty plea freely and voluntarily.  I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of Counts One, Two, and Three of the Superseding Information.

10.     The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, I recommend to the District Court that the Defendant's plea of guilty to Counts One, Two, and Three of the Superseding Information be accepted; that the Defendant

be adjudicated guilty of the offenses to which he pleads guilty; and that a Sentencing Hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Aileen M. Cannon, the United States District Judge assigned to this case.  Pursuant to Rule 59(b)(2), Fed. R. Crim. P., failure to file a timely objection to this Report and Recommendation waives the party's right to review and bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 12th day of March, 2026.

SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE